FILED

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
ALEXANDRIA DIVISION

2024 SEP 13 P 2:49

NICHOLAS HARRISON,
Plaintiff Pro Se,

v.

CHRISTINE WORMUTH, in her official capacity as Secretary of the Army,
Defendant.

Civil Action No. 1:24 CV 1621

## COMPLAINT

COMES NOW, Plaintiff, Nicholas Harrison, appearing pro se, to allege and state as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically 10 U.S.C. § 628(g), which provides judicial review of a decision not to convene a Special Selection Board (SSB).

2. This Court has personal jurisdiction over Defendant, Christine E. Wormuth, in her official capacity as Secretary of the Army, pursuant to 28 U.S.C. § 1391(e)(1). The Secretary of the Army's principal office is located at the Pentagon in Arlington, Virginia, which is within the jurisdiction of the Eastern District of Virginia.

3. Venue is proper in the Eastern District of Virginia under 28 U.S.C. § 1391(e)(1), as Defendant, in her official capacity as Secretary of the Army, resides in this District at the Pentagon in Arlington, Virginia. Additionally, a substantial part of the events giving rise to this claim occurred within this judicial district.

## STATEMENT OF FACTS

4. In November 2013, Plaintiff was interviewed and selected for a vacancy in the National Guard Bureau's Legal Support Office. However, Plaintiff's application for a commission as an officer in the U.S. Army Judge Advocate General's Corps (JAG Corps) was denied due to his HIV-positive status.

5. After exhausting all administrative avenues, Plaintiff filed a lawsuit challenging the military's discriminatory HIV policies. On April 6, 2022, the U.S. District Court ruled in Plaintiff's favor, striking down the military's HIV policies as arbitrary and capricious, with no rational basis. The Court ordered the Army to rescind its decision denying Plaintiff's JAG Corps application and to reevaluate the application consistent with the injunctive relief awarded.

6. Despite the Court's order, the Army informed Plaintiff that they could not comply because Plaintiff's original application had been destroyed. The Army asserted that updating the original application would have been insufficient and instead directed Plaintiff to submit a new application.

7. Plaintiff was required to reassemble the necessary materials and submit a new application, including a request for a medical waiver for HIV, even though the Court had ruled that HIV should not be a disqualifying condition. Plaintiff complied with the Army's directive and resubmitted his application, including the waiver request.

8. Plaintiff appeared before the federal recognition board. On May 30, 2023, Plaintiff was notified that he had been appointed as a First Lieutenant (O-2) in the District of Columbia National Guard's JAG Corps, with a date of rank in May 2023. However, this action failed to acknowledge the injury done to Plaintiff, as the appointment did not account for the time lost due to the Army's discriminatory denial of his application.

9. Plaintiff applied to the Army Board for Correction of Military Records (ABCMR), seeking to have his appointment backdated and requesting the convocation of an SSB to consider the appropriate time-in-grade promotions he should have received had his application not been wrongly denied.

10. After Plaintiff completed the Judge Advocate Officer Basic Course (JAOBC) on February 28, 2024. the ABCMR ruled in Plaintiff's favor sometime in early March, backdating his appointment to First Lieutenant (O-2) to July 1, 2014. Despite this ruling, Plaintiff has still not received a copy of the record of proceedings – even though he has repeatedly requested it, including by submitting a Congressional inquiry.

11. Plaintiff became eligible for consideration by an SSB when his appointment was backdated. Since the request for an SSB was included in his application to the ABCMR, the six-month period for the Army to act began to run when the ABCMR rendered its decision.

12. As of September 2024, more than six months have passed since the ABCMR's decision, and the Army has still not convened an SSB or acknowledged Plaintiff's request for such a board. Under 10 U.S.C. § 628(g), Plaintiff is now entitled to judicial review of the Army's failure to convene an SSB.

**CAUSES OF ACTION**

13. Under 10 U.S.C. § 628(a), an SSB must be convened when a person who should have been considered for promotion was not considered due to administrative error. In Plaintiff's case, the wrongful denial of his commission due to the military's unconstitutional HIV policies constitutes such an administrative error.

14. Additionally, under 10 U.S.C. § 628(b), an SSB may be convened if a person was considered for promotion but not selected due to material unfairness, which includes

material errors of fact, material administrative errors, or the promotion board not having all relevant information. Given that the military's discriminatory HIV policies were ruled arbitrary, capricious, and unconstitutional, the failure to consider Plaintiff for promotion alongside his peers due to these policies qualifies as material unfairness.

15. After the ABCMR ruled in March 2024 to backdate Plaintiff's appointment to July 2014, Plaintiff became eligible to request an SSB to consider his retroactive promotions. A request for an SSB was included as part of Plaintiff's application to the ABCMR.

16. 10 U.S.C. § 628(g)(3) provides that if more than six months have passed since an application for an SSB has been submitted without action or denial, this delay constitutes an effective denial of consideration, entitling the individual to seek judicial review. Since more than six months have passed since the ABCMR's decision to backdate Plaintiff's commission, and the Army has neither convened an SSB nor provided justification for its inaction, Plaintiff is now entitled to judicial review of the Army's refusal to convene an SSB.

17. Under 10 U.S.C. § 628(g), this Court may set aside a military department's decision not to convene an SSB if the decision is:

(1) Arbitrary or capricious;

(2) Not based on substantial evidence;

(3) The result of material error of fact or material administrative error; or

(d) Otherwise contrary to law.

18. The Army's refusal to convene an SSB following the ABCMR's ruling is arbitrary and capricious. It fails to correct the wrongful denial of Plaintiff's commission, which was based on the unconstitutional HIV policies already deemed arbitrary and capricious by the court. These policies continue to harm Plaintiff's career progression, as the failure to

convene an SSB ignores the Court's directive to remedy the impact of these discriminatory practices.

19. The refusal to convene an SSB is not based on substantial evidence. The only reason for denying Plaintiff's commission and subsequent promotions was the unconstitutional HIV policies, which have since been invalidated. There is no evidence that Plaintiff had any other disqualifying factors. The military's continued refusal to act is not supported by any factual justification, rendering the decision unsound.

20. The military's denial of Plaintiff's commission in 2014 due to his HIV status, and its subsequent failure to convene an SSB after the backdating of his commission, constitutes a material administrative error. The ABCMR's decision to backdate Plaintiff's commission acknowledges the administrative error, but the failure to convene an SSB compounds the initial injustice, depriving Plaintiff of fair promotion consideration.

21. The refusal to convene an SSB is also contrary to law under 10 U.S.C. § 628(a), which requires an SSB to be convened when administrative error prevents proper promotion consideration. The court has already determined that the denial of Plaintiff's commission was unlawful, and the failure to convene an SSB to remedy this wrong is a violation of statutory requirements.

**PRAYER FOR RELIEF**

22. Plaintiff initially applied for a commission in the U.S. Army JAG Corps in 2014 with the intent to complete his military career as an officer and retire after twenty years of service. It has now been ten years since that application, and although Plaintiff reached twenty years of qualifying military service in 2020, he cannot retire without resolving his rank, or he forfeits any opportunity for relief.

23. The military has a documented history of resisting civil rights reforms, dragging its feet, and outright defying political and judicial authorities on such issues. Even after the Secretary of Defense directed the services to convene working groups to review regulations and recommend changes, the Army's G-1 quashed the working group's recommendation to lift the ban on joining the military for individuals living with HIV.

24. It has already been two years since this Court struck down the discriminatory policies, and yet, the Army has failed to implement its orders fully. The military has yet to even pay Plaintiff the backpay due after the ABCMR backdated his appointment, forcing Plaintiff to file another complaint in the Court of Federal Claims.

25. Given the Army's demonstrated institutional resistance, Plaintiff anticipates that he will be forced to fight for relief at every stage. It is conceivable that the Army could convene an SSB but limit it to considering only one time-in-grade promotion at a time, forcing Plaintiff to repeat the ABCMR process for each promotion. This could draw out the process for another three years or more, leaving Plaintiff in limbo without proper resolution.

26. In light of these facts, Plaintiff respectfully requests the following relief from this Court:

(1) An order requiring the Army to provide Plaintiff with a copy of the ABCMR's record of proceedings;

(2) The immediate convocation of an SSB to consider Plaintiff for all three appropriate regular time-in-grade promotions simultaneously;

(3) If necessary, referral of Plaintiff's case to the front of the line at the ABCMR for consideration of appropriate backdating of these promotions;

(4) An order requiring the personal appearance of the Assistant Secretary of the Army for Manpower and Reserve Affairs within sixty days to report to this Court on the progress of implementing this Court's orders;

(5) Such other and further relief as this Court deems necessary and proper to ensure Plaintiff receives timely and complete relief.

Respectfully Submitted.

Nicholas A. Harrison

**Nicholas A. Harrison**
Plaintiff (DC Bar #1024439)
Harrison-Stein, PC
601 Pennsylvania Avenue NW
South Building, Suite 900
Washington, DC 20004-3647
Office: (202) 434-8292
Cell: (202) 297-5057
E-Mail: nick@harrison-stein.com
Web: https://harrison-stein.com/

FILED

2024 SEP 13 P 2:49

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria DIVISION

Nicholas Harrison
Plaintiff(s),

v.

Civil Action Number: 1:24 CV 1621

Christine Wormuth
Defendant(s),

## LOCAL RULE 83.1 (N) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared or assisted in the preparation of** Complaint & Declaration
**(Title of Document)**

Nicholas Harrison
Name of *Pro Se* Party (Print or Type)

Nicholas Harrison
Signature of *Pro Se* Party

Executed on: 09/13/24 (Date)

**OR**

**The following attorney(s) prepared or assisted me in preparation of** ________________________.
**(Title of Document)**

________________________
(Name of Attorney)

________________________
(Address of Attorney)

________________________
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

________________________
(Name of *Pro Se* Party (Print or Type)

________________________
Signature of *Pro Se* Party

Executed on: ________________________(Date)